UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HALL,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.

_____/

Case No. 1:14-cv-472

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations (Dkt 9 at 1). The matter is presently before the Court on Petitioner's objections to the R & R (Dkt 11).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

---

[1] In an order dated December 22, 2014, this Court accepted Petitioner's Motion for Enlargement of Time to File Response & Objection to Magistrate Report and Recommendation as his objections to the Magistrate Judge's R & R (Dkt 12).

Petitioner is currently incarcerated at the Earnest C. Brooks Correctional Facility. He was convicted of armed robbery following a jury trial and sentenced to a prison term of fifty to seventy-five years.

Petitioner objects to the Magistrate Judge's conclusion that his habeas petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA) (Pet'r Obj., Dkt 11 at 1). As a threshold matter, Petitioner argues that he "filed this Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241[(a) and (c)(3)]"[2] and not 28 U.S.C. § 2254 (Pet'r Obj., Dkt 11 at 2). Petitioner argues that the one-year statute of limitations under AEDPA does not apply to his habeas claim because AEDPA is inapplicable to 28 U.S.C. § 2241.

Petitioner's argument is without merit. A habeas corpus petition brought by a state prisoner in custody pursuant to the judgment of a State court is subject to the requirements of 28 U.S.C. § 2254 and subject to AEDPA's one-year statute of limitations. *See Harrington v. Richter*, 562 U.S. 86, 97 (U.S. 2011) ("The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by . . . AEDPA"); *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006).

In addition, Petitioner appears to argue that he is entitled to equitable tolling of the statute of limitations (Dkt 11 at 1-2). A petitioner seeking equitable tolling of the habeas statute of

---

[2] 28 U.S.C. § 2241(a) provides: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." Section 2241(c)(3) provides: "(c) The writ of habeas corpus shall not extend to a prisoner unless … (3) He is in custody in violation of the Constitution or laws or treaties in the United States."

limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The Magistrate Judge correctly concluded that Petitioner has not established either element.

First, Petitioner argues that he is a pro se litigant, "not trained in the practice of criminal nor civil procedure" and that the Magistrate Judge "is holding the Petitioner to the same standards as an attorney, in violation of" *Haines v. Kerner*, 404 U.S. 519 (1972) (Pet'r Obj., Dkt 11 at 1). However, *Haines* merely recognizes that pro se allegations are held to less stringent standards, 404 U.S. at 519, and offers no support to avoid the time-bar in this case. Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitation does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (explaining that "this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Second, Petitioner appears to assert that his delayed filing was caused by the requirement that he "[e]xhaust all his state claims, before filing his Writ of Habeas Corpus in the Federal Court" (Pet'r Obj., Dkt 11 at 1-2). However, as the Magistrate Judge explained, "Petitioner's grace period under the AEDPA expired on April 24, 1997, more than 17 years before he filed his petition" (R & R, Dkt 9 at 6). In addition, "Petitioner did not even file his habeas petition within one year of the Michigan Supreme Court's July 25, 2013 decision denying leave to appeal from the denial of his motion for relief from judgment" (*id.*). As a result, the Magistrate Judge properly concluded that "Petitioner has not demonstrated the diligence required to show entitlement to equitable tolling"

3

(*id.*). *See Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late after waiting nearly twelve years to file his habeas petition).

Third, Petitioner asserts that he is excused from the one-year statue of limitations because he can show actual innocence. A habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). However, Petitioner's objection essentially reiterates the same argument he presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation. Therefore, Petitioner's objection is properly denied. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Because Petitioner failed to establish that equitable tolling or actual innocence is applicable to his case, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Therefore, the Magistrate Judge properly concluded that Petitioner's habeas corpus petition is time-barred.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 11) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: October 30, 2015                     /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge